# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>v.<br><br>GREGORIO CRUZ-MERINO,<br><br>                       Defendant. | Case No.: 17cr4358-MMA<br>*Related Case No. 18cv1871-MMA*<br><br>**ORDER RE: DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255**<br><br>[Doc. No. 25] |

On January 9, 2018, Defendant Gregorio Cruz-Merino pleaded guilty to a single-count Information charging him with illegal reentry, in violation of Title 8, United States Code, section 1326(a) and (b). *See* Doc. No. 17. The Court sentenced Defendant to a custodial term of thirty (30) months and entered judgment accordingly. *See* Doc. No. 24. Defendant, proceeding *pro se*, has submitted a document styled as a motion to vacate his conviction and sentence under Title 28, section 2255. *See* Doc. No. 25. However, Defendant has left the majority of the 2255 form blank. In response to Questions 14 and 16(a)(8), Defendant indicates that "this is my appeal." *Id.* at 2, 3. In response to Question 17(b)(1), Defendant states that he appeals "because [the sentence] is to[o] much time for me." *Id.* at 6.

The Court notes that Defendant did not previously appeal his conviction and sentence directly to the United States Court of Appeals for the Ninth Circuit. Based on Defendant's representations in his current submission, it appears that he intended to do so, but was stymied when he did not "receive any form." *Id*. at 6, 8. It further appears that Defendant's current intent is to appeal – not collaterally challenge – his conviction and sentence.

As relevant here, "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment . . . ." Fed. R. App. P. 4(b)(1)(A)(i). The Court entered judgment in this action on April 16, 2018. *See* Doc. No. 24. Defendant's current submission is considered constructively filed as of July 11, 2018, and is therefore untimely under Rule 4(b). *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (under the mailbox rule, a prisoner's "notice of appeal was filed at the time the prisoner delivered it to the prison authorities for forwarding to the court clerk."). As such, the Court construes Defendant's *pro se* submission as a motion for an extension of time in which to file a notice of appeal from this Court's judgment. *See United States v. 1982 Sanger 24' Spectra Boat*, 738 F.2d 1043, 1046 (9th Cir. 1984) (noting that the moving party's label for its motion is not controlling and that court will construe the motion, however styled, to be the type proper for relief requested). However, because more than thirty (30) days has elapsed from the expiration of the time otherwise prescribed for filing the notice of appeal, the Court is not authorized to extend the time for filing the notice of appeal. *See* Fed. R. App. P. 4(b)(4); *see also United States v. Green*, 89 F.3d 657, 660-61 (9th Cir. 1996) (stating that Rule 4(b) compliance is "mandatory and jurisdictional," even if its application may be "harsh to a criminal defendant").

//
//
//
//
//

Accordingly, the Court construes Defendant's *pro se* submission as a motion for extension of time in which to file a notice of appeal and **DENIES** the motion for the reasons set forth above. The Clerk of Court is instructed to administratively terminate the related civil case.

**IT IS SO ORDERED**.

DATE: August 14, 2018

_____
HON. MICHAEL M. ANELLO
United States District Judge